Michael L. Crowley, ESQ (SBN 117008)
Andre L. Verdun, ESQ. (SBN 265436)
**CROWLEY LAW GROUP**
401 West A Street, Ste 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
andreverdun@crowleylawgroup.com

Attorneys for Plaintiffs
Terry Polk and Timothy Wagoner

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRY POLK,** an individual and **TIMOTHY WAGONER**, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>**LEGAL RECOVERY LAW OFFICES**, a corporation, **PALISADES COLLECTION**, a limited liability company, and **MARK WALSH,** an individual,<br><br>　　　　　Defendant. | Case No.: **'12CV0641 W   MDD**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiffs Terry Polk (Polk) and Timothy Wagoner (Wagoner) (collectively, "Plaintiffs") bring this suit against defendants Palisades Collections (Palisades), Legal Recovery Law Offices (LRLO) and Mark Walsh (Walsh) (collectively, "defendants") for violations of state and federal law debt collection laws committed by defendants. Specifically, Palisades had filed a fraudulent proof of service claiming that the plaintiffs were served with a summons and complaint when they were not. Defendants then proceeded to garnish the wages of Polk. After evidence was provided that the service of process was fraudulent and made aware of the unique harm being caused to plaintiffs, defendants refused to stop the garnishment.

-1-
COMPLAINT

Polk, *et al* v. Palisades, *et al*

**PARTIES**

2. Plaintiffs are, and at all times herein mentioned were, individuals residing in Ventura County, California. Plaintiffs are consumers.

3. Defendant, Palisades is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California. Palisades is engaged the collection of debt as its ordinary business and is therefore debt collector under state and federal law.

4. Defendant, LRLO is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California. LRLO is a debt collector because in its "ordinary course of business" they are engaged in debt collection on behalf of others.

5. Defendant, Walsh is, and at all times herein mentioned was, an individual. Walsh is a debt collector because he is a "person who, in the ordinary course of business, regularly on behalf of himself or herself or others, engages in debt collection."

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-50 inclusive, are unknown to Plaintiffs who, therefore, sues said Defendants by such fictitious names. Plaintiffs will amend this complaint to show their true names and capacities when ascertained. Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

**JURISDICTION**

7. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of the defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

9. Because the defendants do business within the State of California, personal

jurisdiction is established.

## VENUE

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, the defendants conducted business within the State of California.

12. Defendants LRLO and Walsh are domiciled in San Diego, California, within the Southern District of California.

## FACTUAL ALLEGATIONS

13. On or about January 9, 2008 Palisades filed a debt collection lawsuit against Polk and Wagoner, collective Plaintiffs, in the Superior Court of California, County of Ventura, case number 56-2011-00390515-CL-CL-VTA. That lawsuit was for the collection of a consumer debt.

14. Palisades filed a "proof of service" indicating that Plaintiffs were served with the summons and complaint on January 21, 2008.

15. The proof of service claims plaintiffs were each served at this home at 3:12 PM.

16. Palisades neither personally nor properly served plaintiffs on January 21, 2008 or any other date. Plaintiffs had no knowledge of the lawsuit before default was taken.

17. Regardless, Palisades filed a proof of service stating that plaintiffs were served with a complaint on January 21, 2008.

18. On December 1, 2008 Palisades took default and had a judgment entered against plaintiffs. This default was entered on the basis that on January 21, 2008 plaintiffs were personally served with a summons and complaint. Palisades waited approximately 3 years before they took any action on their default judgment.

19. Polk first learned of this lawsuit on January 25, 2012 when his employer's payroll department notified Polk that starting on Friday, January 27, 2012 this paycheck would be deducted to repay the judgment obtained by Palisades.

20. Polk notified Wagoner of the judgment and asked him if he had ever been served with the complaint. Confirming to Polk that Wagoner had not been served with the

1 complaint, Polk and Wagoner hired counsel to defend against the entry of default and judgment obtained by Palisades.

21. Based on the illegal judgment, Palisades garnished the paycheck of Polk and took 25% from each of his paychecks. Plaintiff Wagoner feared levies and garnishment because of the illegal judgment obtained against him.

22. This substantial reduction in pay severely harmed Polk and his household.

23. Polk and Wagoner are both chronically ill. In light of their medical condition Plaintiffs are "disabled" as that term is defined by Civil Code § 1761.

24. The illegal garnishment interfered with plaintiff's ability to purchase vital medications required to be healthy.

25. To make up for the lost income, Polk was required to barrow from his retirement account which will result in harm to Polk.

26. Plaintiffs incurred $4,039.70 in costs and fees in fighting the contested motion to set aside default. These fees were reasonably incurred by investigating the facts of the service, researching the applicable law, litigating the contested motion to set aside the default obtained. These fees are actual damages caused by Palisades' wrongdoing and are therefore recoverable by plaintiffs as against defendants.

27. On or about March 5, 2012 the Superior Court of California heard the plaintiffs' motion to set aside the default judgment entered against plaintiffs. At the time this lawsuit was filed, the result of the hearing has not been decided. The court has determined it was unclear whether under California law it has the power to set aside the default despite plaintiff's lack of knowledge until January 2012 and has taken the matter under a lengthy submission.

28. On or about March 5, 2012, counsel for plaintiffs informed counsel for defendant, LRLO, which is also a debt collector, about the court taking the matter under submission. Counsel for plaintiff also informed defendants about the personal health concerns of the plaintiffs, the adverse affects the garnishment is having on the plaintiffs and on their health, his intent to file this lawsuit and requested that the parties "enter

-4-
COMPLAINT

Polk, *et al* v. Palisades, *et al*

1 into a stipulated agreement with [defendants] to suspend garnishment pending the
2 outcome of the lawsuit". Defendants requested a copy of the draft lawsuit.

3     29. On or about March 14, 2012, plaintiffs' counsel sent LRLO a copy of a paystub
4 that proved that Polk was working on the day he was alleged to have been served with
5 the summons and complaint. Defendants' claim Plaintiff was at home. Plaintiffs' counsel
6 again requested a stipulation regarding the garnishment to mitigate harm. Defendant's
7 stated they were "unwilling" to do so.

## FIRST CAUSE OF ACTION

*(California Civil Code section 1788 et seq.)*

10     30. Plaintiffs reaffirm and reallege paragraphs above herein as if specifically set forth
11 more fully herein below.

12     31. Defendants are included in the class of entities whose debt collection activities
13 are regulated under California Civil Code section 1788 *et seq.* as defined by California
14 Civil Code § 1788.2(c).

15     32. Plaintiffs are "person[s]" as defined by California Civil Code § 1788.2(g).

16     33. This case involves money, property or their equivalent, due or owing or alleged to
17 be due or owing from a natural person by reason of a consumer transaction. As such,
18 this action arises out of a "consumer debt" as those terms are defined by California Civil
19 Code § 1788.2(f).

20     34. The foregoing acts and omissions constitute numerous and multiple violations of
21 California Civil Code section 1788 *et seq.,* including but not limited to:

    a. Cal. Civ. Code section 1788.15 which states a "debt collector shall [not] collect or attempt to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected;

    b. Cal. Civ. Code section 1788.10(c) which prohibits the communication "to any person the fact that a debtor has engaged in conduct, other than the

-5-
COMPLAINT

Polk, *et al* v. Palisades, *et al*

        failure to pay a consumer debt, which the debt collector knows or has reason to believe will defame the debtor;

  c. Cal. Civ. Code section 1788.12(a) which prohibits "[c]ommunicating with the debtor's employer regarding the debtor's consumer debt unless such a communication is necessary to the collection of the debt".

35. It is believed that other violations of 1788 *et seq.* have been violated and if discovered during the process of discovery Plaintiffs will amend this complaint to allege the specific allegations setting forth the violations.

36. As a result of violation of California Civil Code § 1788 *et seq.* plaintiffs are entitled to statutory damages in the amount of $1,000, actual damages in an amount to be determined at trial from defendants, and attorney fees and cost.

37. Plaintiffs did suffer actual damages; *inter ailia*, legal fees incurred trying to protect their interest, adverse effects to their health, distress, aggravation and anxiety suffered by the plaintiffs, interest and penalties incurred from barrowing from their saving's, all as a result of defendant's conduct.

## SECOND CAUSE OF ACTION

*(Title 15 USC 1692 et seq.)*

38. Plaintiffs reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

39. Defendants are "debt collectors" as defined by 15 USC 1692a(6).

40. Plaintiff is a "consumer" as defined by 15 USC section 1692c(d) and 15 USC 1692a(3).

41. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

42. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including, but not limited to:

  a. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

-6-
COMPLAINT

Polk, *et al* v. Palisades, *et al*

b. Using false, deceptive, or misleading representations or means in connection with collection of a debt (§1692e);

c. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);

d. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f)); and

e. Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§ 1692b(2) & § 1692c(b)).

43. It is believed that other violations of 15 U.S.C. 1692 *et seq.* have been violated and if discovered during the process of discovery Plaintiffs will amend this complaint to allege the specific allegations setting forth the violations.

44. As a result of each and every violation of the FDCPA, the plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1) including *inter ailia*, legal fees incurred trying to protect their interest, adverse effects to their health, distress, aggravation and anxiety suffered by the plaintiffs, interest and penalties incurred from barrowing from their saving's, all as a result of defendant's conduct; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## THIRD CAUSE OF ACTION

*(California Civil Code 1788.17)*

45. Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

46. California Civil Code section 1788.17 provides any entity included in the class of entities whose debt collection activities are regulated under California Civil Code section 1788 *et seq.* as defined by California Civil Code § 1788.2(c), have violated California Civil Code section 1788.17 when particular sections of Title 15 USC 1692 are violated.

/ / /

47. This cause of action alleges damages under California Civil Code section 1788.17 for violation of Title 15 USC 1692.

48. Defendants are included in the class of entities whose debt collection activities are regulated under California Civil Code section 1788 *et seq.* as defined by California Civil Code § 1788.2(c)

49. Plaintiffs are "person[s]" as defined by California Civil Code § 1788.2(g).

50. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" as those terms are defined by California Civil Code § 1788.2(f).

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA including but not limted to:

   a. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));
   b. Using false, deceptive, or misleading representations or means in connection with collection of a debt (§1692e);
   c. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);
   d. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f)); and
   e. Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§ 1692b(2) & § 1692c(b)).

52. It is believed that other violations of Title 15 U.S.C. 1692 *et seq.* have been violated and if discovered during the process of discovery Plaintiffs will amend this complaint to allege the specific allegations setting forth the violations.

53. Upon proving the allegation stated above, under the Cal. Civ. Code 1788.17 pursuant to 15 USC § 1692, Plaintiffs are entitled to statutory damages, actual damages and attorney fees.

54. As a result of each and every violation of the FDCPA, the plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1) including, *inter ailia*, legal fees incurred trying to protect their interest, adverse effects to their health, distress, aggravation and anxiety suffered by the plaintiffs, interest and penalties incurred from barrowing from their saving's, all as a result of defendant's conduct; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## **FOURTH CAUSE OF ACTION**

*(Negligence)*

55. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

56. Defendants' outrageous and intrusive acts as described herein constituted negligence.

57. Defendants negligently inflicted emotional distress, aggravation, anxiety and financial harm to Plaintiffs.

58. Defendants breached a duty imposed and failed to exercise ordinary care.

59. Defendants owed Plaintiffs a duty to refrain from unlawful debt collections (California Civil Code §1788 *et seq.* and Title 15 USC 1692 *et seq.*).

60. The breach of such duty proximately caused injury to Plaintiff.

61. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.

62. Plaintiff is a member of the class of persons the statutes were designed to protect.

63. Defendants' conduct, as described herein, was wrongful conduct in that the defendants conducted their business in an abusive, oppressive, and harassing manner.

64. Defendants negligently trained, supervised, and retained, its employees and agents.

65. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiffs severe and serious emotional distress, anxiety and aggravation in that the defendants wrongful conduct has caused harm as described above.

66. It is clearly foreseeable that defendants' actions as described herein could cause harm, including severe and serious emotional distress

67. As a direct and proximate result of defendants' unlawful conduct, Plaintiffs has suffered damages in an amount to be determined at trial. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiffs' harm as noted above.

68. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff's to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiffs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Polk and Plaintiff Wagoner pray for judgment against defendants as follows:

  a. An award of actual damages pursuant to California Civil Code § 1788.30(a);
  b. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b );
  c. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code§ 1788.30(c).
  d. Statutory damages pursuant to Cal. Civil Code § 1788.30(b) and Civil Code 1788.17;
  e. Actual damages according to proof pursuant to Cal. Civil Code § 1788 and 1788.17, as well as common law;
  f. An award of costs of litigation and reasonable attorney fees pursuant to Cal. Civil Code § 1788 and 1788.17,
  g. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      h. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      i. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

      j. General damages according to proof;

      k. Special damages according to proof;

      l. Treble damages pursuant to Civil Code §3345;

      m. Punitive damages;

      n. Attorneys' fees and costs; and

      o. Such other and further relief that may be just and proper.

69. Plaintiffs hereby demand a trial by jury.

Dated this: **March 14, 2012**

**CROWLEY LAW GROUP**

   /s/ Michael L. Crowley
Michael L. Crowley
Attorney for the Plaintiffs
Terry Polk
Timothy Wagoner

**CROWLEY LAW GROUP**

   /s/ Andre L. Verdun
Andre L. Verdun
Attorney for the Plaintiffs
Terry Polk
Timothy Wagoner

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiffs, Polk and Wagoner, by and through their attorneys, Michael L. Crowley and Andre L. Verdun and hereby demands a trial by jury in the above-captioned matter.

Dated this: **March 14, 2012**

**CROWLEY LAW GROUP**

/s/ Michael L. Crowley
Michael L. Crowley
Attorney for the Plaintiffs
Terry Polk
Timothy Wagoner

**CROWLEY LAW GROUP**

/s/ Andre L. Verdun
Andre L. Verdun
Attorney for the Plaintiffs
Terry Polk
Timothy Wagoner

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TERRY POLK and TIMOTHY WAGONER

**(b)** County of Residence of First Listed Plaintiff: **VENTURA**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Crowley Law Group 401 West A Street, San Diego, CA 92101

## DEFENDANTS
LEGAL RECOVERY LAW OFFICES, and MARK WALSH, PALISADES COLLECTION

County of Residence of First Listed Defendant: **SAN DIEGO**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
'12CV0641 W    MDD

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 15 USC 1692
Brief description of cause:
Debt collection abuse and harassment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 1,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 03/14/2012
SIGNATURE OF ATTORNEY OF RECORD: /s/ Andre L. Verdun

**FOR OFFICE USE ONLY**
RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE