1  Michael L. Crowley (117008)
2  Andre L. Verdun (265436)
   **CROWLEY LAW GROUP**
3  401 West "A" Street, Ste. 925
   San Diego, CA 92101
   Tel. (619) 238-5700
5  Fax. (866) 786-6993
   MLCrowley@CrowleyLawGroup.com
6  AndreVerdun@CrowleyLawGroup.com

7  Attorney for Plaintiffs
   Terry Polk and Timothy Wagoner
8

9            **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  **TERRY POLK,** and **TIMOTHY**                    Case No.: 12-CV-0641-W-MDD
    **WAGONER**,
13                                                     **MEMORANDUM OF POINTS
                    Plaintiffs,                        AND AUTHORITIES IN
14                                                     SUPPORT OF MOTION TO
15          vs.                                        STRIKE AFFIRMATIVE
                                                       DEFENSES**
16  **LEGAL RECOVERY LAW OFFICES**,
17  **PALISADES COLLECTION**, and                      Dated: April 1, 2013
    **MARK WALSH,**                                    Time: N/A
18                                                     Dept.:3C
                    Defendants.                        Judge: Hon. Thomas J. Whelan
19
20
21                                                     **NO ORAL ARGUMENT
                                                       PURSUANT TO LOCAL RULE**
22
23
24
25
26
27
28

                                    -1-

                       **MOTION TO STRIKE ANSWER**

1
2
3
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................... 6

II.   POINTS AND AUTHORITIES............................................................... 6

  A. The Holdings of Twombly and Iqbal Apply to Affirmative Defenses ........................ 6

  B. The Policies of Twombly, Iqbal and Rule 12 Support the Plaintiff ........................... 8

  C. The FDCPA Allows Only Those Defenses Set Forth in Statute .............................. 9

  D. Defenses to be Stricken Because They are Not Actually Defenses ..................... 13

III.  CONCLUSION ................................................................................... 17

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*                    12-CV-0641-W-MDD

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ...........................................passim

Barnes v. AT&T Pension Benefit Plan - Nonbargained Program, 2010 U.S. Dist. LEXIS 62515 at 18 (N.D. Cal. June 22, 2010) ...............................12

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).........................6, 7, 13

*Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283 (S.D. Fla. 2007) ...................................................................................................12

*Bradshaw v. Hilco Receivables, LLC*, 2010 U.S. Dist. LEXIS 75553 (D. Md. July 27, 2010) ...................................................................................10

*Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1175 (9th Cir. 2006) ...............................................................................................9, 13

*Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987) .....................................................................................................8

*GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074 (7th Cir. 1997) ............................................................................................................11

*Gomez v. Toledo*, 446 U.S. 635 (1980)....................................................8

*Grunley Walsh U.S., LLC v. Raap*, 2009 U.S. Dist. LEXIS 38609 (E.D. Va. May 6, 2009)...........................................................................................9

*Hanzlik v. Birach, 2009 U.S. Dist. LEXIS 63091* (E.D. Va. July 14, 2009)...8

*Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647 (D. Kan. 2009)...........6, 7

Heintz v. Jenkins, 514 U.S. 291 (1995)....................................................15

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*                    12-CV-0641-W-MDD

*Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007) ................................................................8

*Howlett v. Rose*, 496 U.S. 356, 375 (1990) ................................................9

*Kaiser Aluminum & Chemical Sales, Inc. v. Avon-dale Shipyards, Inc.*, 677 F.2d 1045 (5th Cir. 1982) ............................................................8

*Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439 (W.D. Mich. 1989) ......10

*Komarova v. National Credit Acceptance, Inc.* 175 Cal. App. 4th 324 (2009) ..................................................................................................15

*Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 U.S. Dist. LEXIS 40685 (N.D. Ill. May 14, 2008)........................................10, 11

*Mangum v. Action Collection Service, Inc.*, 575 F. 3d 935 ......................12

*Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 950 (W.D.N.C. 2000)..........................................................8

*National Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994). ................................................................11

*Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2nd Cir. 1996)..........................9

*Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) ..................9

*Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232 (4th Cir. 2007) ......9, 14

*Schecter v. Comptroller of City of N.Y.*, 79 F.3d 265 (2d Cir. 1996) ...........8

*Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 7, 2009) ...8

*Solvent Chem. Co. ICC Indus., Inc. v. E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) ..................................................9

*Tracy v. NVR, Inc.*, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009) ................................................................7

*Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316 (4th Cir. 2001).........8

**Statutes**

California Civil Code §47 ................................................................14

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*          12-CV-0641-W-MDD

California Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code §
    1788) ....................................................................... 11, 13, 15

Fair Debt Collection Practices Act, 15 U.S.C. § 1692.........................passim


**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................... 6, 9, 12

Fed. R. Civ. P. 12(f) ......................................................... 6, 7, 8, 9

FED. R. CIV. P. 8............................................................. 7, 8, 10

Fed. R. Civ. P. 9 ................................................................ 11

**Treatises**

5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL
    PRACTICE AND PROCEDURE ......................................... 8, 9

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*               12-CV-0641-W-MDD

1
2
3
5
6
7

# I.   INTRODUCTION

In responding to Plaintiffs' Complaint, Defendants LEGAL RECOVERY LAW OFFICES (LRLO) and PALISADES COLLECTION (PALISADES) (jointly "Defendants"), filed Answers to the Complaint (Docket # 16, 17) (hereinafter "Answer"), containing various "Affirmative Defenses" identified as paragraphs 70-89 in each Answer. While defendants LRLO and PALISADES filed separate Answers, they are identical in all respects concerning the Affirmative Defenses, to the point where some of the Affirmative Defenses in PALISADES' answer, PALISADES refers to itself as LRLO.

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff moves to strike the First through Twentieth Affirmative defenses from Defendants' Amended Answer (Docket #16 and 17) on the grounds that, Defendants have attempted to allege defenses which are not actually defenses, Defendants have raised immaterial defenses, and that the defenses are not pled with sufficient particularity to provide Plaintiff with "fair" notice. Moreover, the pleadings fail to raise the alleged defenses beyond the speculative level.

# II.   POINTS AND AUTHORITIES

## *A. The Holdings of Twombly and Iqbal Apply to Affirmative Defenses*

After the Supreme Court altered the landscape for 12(b)(6) requirements in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ___;

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*                    12-CV-0641-W-MDD

129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009) the majority of courts to address the issue have concluded that the heightened pleading standards for claims for relief crafted in *Twombly* and *Iqbal* apply just as strictly to affirmative defenses. See, *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009) (collecting district-court cases from the Second, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits reaching this conclusion).

To survive a Rule 12(f) motion then, an affirmative defense cannot simply be conclusory and devoid of facts; rather, it must set forth a factual basis, and cannot merely suggest that the defense may possibly bear upon the case. *Id.; see also, Tracy v. NVR, Inc.*, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009) ("Indeed, the *Twombly* plausibility standard applies with equal force to a motion to strike an affirmative defense under Rule 12(f)."). Here, all of Defendants' affirmative defenses fall well below this bar.

While a minority of cases have concluded that *Twombly* and Iqbal do not apply to affirmative defenses, the Hayne court succinctly addresses this point in adopting the prevailing view:

> It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case. Moreover, FED. R. CIV. P. 8 is consistent in at least inferring that the pleading requirements for affirmative defenses are essentially the same as for claims for relief. . . . Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply. *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. at 650.

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*                    12-CV-0641-W-MDD

1
2
3
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In this post-*Iqbal* world, the days of defendants simply trotting out the same affirmative defenses, case after case without any factual support whatsoever, appear to be over.

### B. The Policies of Twombly, Iqbal and Rule 12 Support the Plaintiff

As one court has aptly stated, "[a]pplying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Id.*

While Rule 12(f) motions may sometimes be disfavored as dilatory, they are appropriately granted where a party asserts "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380, 665 (2d ed. 1990)). Matters are appropriately stricken if they are "not properly supported by the facts alleged in the pleading." *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 950 (W.D.N.C. 2000); *Schecter v. Comptroller of City of N.Y.*, 79 F.3d 265, 270 (2d Cir. 1996) (striking affirmative defense and noting that "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy"). Similarly, the Court should strike a defense "that is clearly insufficient as a matter of law." *Hanzlik v. Birach, 2009 U.S. Dist. LEXIS 63091* (E.D. Va. July 14, 2009), citing *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 949 (W.D.N.C. 2000); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007);

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*                    12-CV-0641-W-MDD

*Kaiser Aluminum & Chemical Sales, Inc. v. Avon-dale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

"Affirmative defenses plead matters extraneous to the plaintiff's *prima facie* case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987), citing *Gomez v. Toledo*, 446 U.S. 635, 640-641 (1980). In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses. *Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 7, 2009).

Since Federal Rule of Civil Procedure 8(c) governs the pleading of affirmative defenses, plaintiffs are entitled to fair notice of each defense and the grounds supporting it. *Grunley Walsh U.S., LLC v. Raap*, 2009 U.S. Dist. LEXIS 38609 (E.D. Va. May 6, 2009), citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1274 (3d ed. 2004). With that requirement in mind, courts evaluate a Rule 12(f) motion to strike against the same standard as a Rule 12(b)(6) motion to dismiss. *Solvent Chem. Co. ICC Indus., Inc. v. E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) ("The standard for striking an affirmative defense is the mirror image of the standard for considering whether to dismiss for failure to state a claim.").

### C. The FDCPA Allows Only Those Defenses Set Forth in Statute

In this case, some of the defenses raised relate to the claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Since this is a federal statutory cause of action, the defenses are limited to those set out in the statute itself. *Howlett v. Rose*, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*                    12-CV-0641-W-MDD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

federal law."); see also *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232 (4th Cir. 2007) ("To insist that some unarticulated, common law immunity survived the creation of the FDCPA would be to fail to give effect to the scope of the immunity articulated in the text"). Moreover, the FDCPA is a strict liability statute. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1175 (9th Cir. 2006); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2nd Cir. 1996).

An affirmative defense is the "defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003). In an FDCPA case, there are only two defenses under § 1692k(c)-(e):

- statute of limitations, and
- bona fide error.

The Court may strike from defendant's answer "any insufficient defense," Fed. R. Civ. P. 12(f), so as to streamline the ultimate resolution of the case and avoid the waste of time and money involve in litigating spurious issues, by eliminating those issues early on. *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989).

### 1. Defendants Have Not Stated a Bona Fide Error Defense

Defendants' twelfth and thirteenth affirmative defenses in Defendants' Answer to Plaintiff's Complaint offers the following affirmative defense: The alleged violations and/or causes of action asserted by the plaintiff were or are the result of a bona fide error; and, The alleged violations and/or causes of action asserted by the plaintiff were or are the result of a bona fide mistake.

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*          12-CV-0641-W-MDD

Defendants merely asserts that it is entitled to this defense. Failure to provide a "factual basis" in support of an affirmative defense is justification for striking subject affirmative defense.

If the *bona fide error* defense is to have any meaning in the context of a strict liability statute, then a showing of "procedures reasonably adapted to avoid any such error" must require more than a mere conclusory assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. Only then is the mistake entitled to be treated as one made in good faith.

The defense should be stricken because it does not contain a short and plain statement of any facts supporting the defense, as required by Fed. R. Civ. P. Rule 8. Even before Iqbal, this result was reached in FDCPA cases.

Because the defense at issue deals with an alleged "mistake" -- a "bona fide error" in the statutory parlance -- Defendant is obligated to comply with both Fed. R. Civ. P. 8 and 9(b). The standard under Rule 9(b) requires parties to state the circumstances of a mistake with "particularity." *Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 U.S. Dist. LEXIS 40685 (N.D. Ill. May 14, 2008*); see also, Bradshaw v. Hilco Receivables, LLC*, 2010 U.S. Dist. LEXIS 75553 (D. Md. July 27, 2010) (striking *bona fide* error defense that was not plead with particularity as required by Fed. R. Civ. P. 9(b)).

Affirmative "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *National Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994).

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*                    12-CV-0641-W-MDD

The conclusory assertion of *bona fide* error, devoid of any facts, does not comply with the particularity requirement of Fed. R. Civ. P. 9(b), which mandates that "In all averments of . . . mistake, the circumstances constituting . . . mistake shall be stated with particularity." DEFENDANTS has not described how any mistake (error) occurred. The Rule requires particularity, not bald conclusory assertions. "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997); *Konewko vs. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 U.S. Dist LEXIS 40685 (N.D. Ill. May 4, 2008) (bona fide error defense stricken for lack of particularity).

Pursuant to Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " 129 S. Ct. 1937, 1949. "Nor does a [pleading] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' *" Id.*

## 2. DEFENDANTS Has Not Stated a Statute of Limitations Defense

In the second affirmative defense its Answer, DEFENDANTS puts forth the following affirmative defense that the complaint was brought beyond the expiration of the statute of limitations. DEFENDANTS' statute of limitations defense is insufficient as a matter of law for failure to plead responsive facts. The statute of limitations for violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692k(d)) and the California Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code § 1788.30(f)) is one year. The statute of limitations is tolled until the Plaintiff discovered the FDCPA violation. *Mangum v. Action Collection Service, Inc.*, 575 F. 3d 935. Less than one year elapsed between the violations allegedly committed and the commencement of this action. Any conduct beyond the

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*                    12-CV-0641-W-MDD

one year was outside the knowledge of the Plaintiffs until within one year of this suit being filed. Indeed, Defendants brought a motion to dismiss and never alleged a statute of limitations issue. Therefore, Defendants cannot prevail on a statute of limitations defense.

/ / /

/ / /

### D. Defenses to be Stricken Because They are Not Actually Defenses

The following "Affirmative Defenses" raised in Defendants First Amended Answer should be stricken because they are not actually defenses.

**1. First Affirmative Defense**: Defendant alleges that the Complaint, and each claim or cause of action contained therein, fails to state facts sufficient to constitute a claim or cause of action. "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case." Barnes v. AT&T Pension Benefit Plan - Nonbargained Program, 2010 U.S. Dist. LEXIS 62515 at 18 (N.D. Cal. June 22, 2010) (Patel, J.).

Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense. *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).

Because "failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense" it should be stricken from DEFENDANTS' Answers. *Barnes v. AT&T Pension Benefit Plan - Nonbargained Program*, 2010 U.S. Dist. LEXIS 62515 at 18 (N.D. Cal. June 22, 2010) (Patel, J.).

**MOTION TO STRIKE ANSWER**

**2. Third Affirmative Defense:** Defendants allege "[t]hat all of Defendant [LRLO and PALISADES's] actions were taken in good faith and with due care, and Defendant did not directly engage in the alleged act, acts or omission(s) constituting the alleged violations or causes of action asserted by plaintiff.

DEFENDANTS offers the Court and the Plaintiff no factual basis whatsoever for its moving target affirmative defenses of "good faith" and "due care." As such DEFENDANTS is not entitled to the defense as a matter of law pursuant to *Iqbal* and *Twombly*.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken. Moreover the FDCPA is a strict liability statute. *Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1175 (9th Cir. 2006) so "due care" and "good faith" aren't valid defenses.

**3. Fourth Affirmative Defense**: Defendants allege "they did not engage in any conduct that was intentional, knowing, willfull [*sic*], reckless, malicious, wanton or outrageous and Defendants acted in good faith at all times." Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken. Moreover the FDCPA is a strict liability statute. *Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1175 (9th Cir. 2006) so "due care" and "good faith" aren't valid defenses.

**4**. **Fifth Affirmative Defense**: Defendants allege "Plaintiff's claims are barred by the doctrine of estoppel." Not only does Defendant not put forth facts to support this claim in their Answer, Your Honor already denied a motion to dismiss on the basis of Estoppel. ORDER Denying Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF 15).

5. **Sixth Affirmative Defense**: Defendant alleges laches. Again, no facts are provided to support this defense; moreover, the status of limitations for

-14-

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*　　　　　12-CV-0641-W-MDD

the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692k(d)) and the California Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code § 1788.30(f)) is one year. Laches is not provided by the statute.

**6. Seventh Affirmative Defense**: Defendants allege "Plaintiff's claims are barred by the doctrine of waiver". Without facts, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken. Also, waiver is not a defense provided by the statute.

**7**. **Eighth Affirmative Defense**: Defendants allege "Plaintiff's claims are barred by the doctrine of res judicata." Not only does Defendant not put forth facts to support this claim in their Answer, Your Honor already denied a motion to dismiss on the basis of res judicata. ORDER Denying Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF 15).

**8**. **Ninth Affirmative Defense**: Defendants allege "Plaintiff's claims are barred by the doctrine of collateral estoppel." Not only does Defendant not put forth facts to support this claim in their Answer, Your Honor already denied a motion to dismiss on the basis of Collateral Estoppel. ORDER Denying Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF 15).

**9. Tenth Affirmative Defense**: Defendants allege "Plaintiff failed to mitigate his damages, if any were suffered." Without facts, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken.

**10 .ELEVENTH AFFIRMATIVE DEFENSE**: Defendants allege **"**Plaintiff's damages, if any, were caused by the actions or inactions of others whom these answering Defendant had no control". Without facts, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken.

-15-

**MOTION TO STRIKE ANSWER**

**11. FOURTEENTH AFFIRMATIVE DEFENSE:** Defendants allege **"**Plaintiff's claims are diminished by the doctrine of contributory negligence". Without facts, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken.

**12. FIFTEENTH AFFIRMATIVE DEFENSE:** Defendants allege "The alleged violations and/or causes of action asserted are protected speech under the first amendment and protected under the litigation privilege including but not limited to California Civil Code §47". Without facts, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken. Moreover, federal law such as the FDCPA is exempted from state litigation privilege. Sayyed v. Wolpff & Abramson, 485 F.3d 226, 229 (4th Cir. 2007) [federal FDCPA and federal statutes]; see also Heintz v. Jenkins, 514 U.S. 291, 292-294 (1995) [attorneys liable under FDCPA even when engaging in litigation activities]; *Komarova v. National Credit Acceptance, Inc.* 175 Cal. App. 4th 324 (2009) [California/Rosenthal FDCPA).

**13. SIXTEENTH AFFIRMATIVE DEFENSE:** Defendants allege "that if Plaintiff was damaged in any sum or sums as alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C.§§1692k(a)(1), 1692k(a)(2)(A),1692k(a)(3) and 1692k(b)(1)". This is not a defense.

**14. SEVENTEENTH AFFIRMATIVE DEFENSE**: Defendants allege **"**that Defendant acted lawfully and within their legal rights, with a good faith belief in the exercise of their rights and in furtherance of a legitimate business purpose and such actions were justified and reasonable under the circumstances based on the information available. Without facts, this

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*                    12-CV-0641-W-MDD

defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken.

**15. EIGHTEENTH AFFIRMATIVE DEFENSE:** Defendants allege **"**that if any false representations occurred, which is denied, that any false representations were non-material and not actionable under the FDCPA". Without facts, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken.

**16. NINETEENTH AFFIRMATIVE DEFENSE:** Defendants allege "this lawsuit was brought in bad faith and is completely without merit". Without facts, this defense is unintelligible. Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken.

**17. TWENTIETH AFFIRMATIVE DEFENSE:** Defendants "reserves the right to add additional affirmative defenses as may be discovered through future discovery. This is not a defense.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court strike ¶¶ 70-89 from Defendant LRLO's Answer (Doc. 16) and Defendant PALISADES' Answer (Doc. 17) and.

Dated this: **February 19, 2013**

CROWLEY LAW GROUP

Andre L. Verdun
Attorney for the Plaintiff

-17-

**MOTION TO STRIKE ANSWER**

*Polk v. Legal Recovery Law Offices, et al*          12-CV-0641-W-MDD

1
2

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

3

**TERRY POLK,** and **TIMOTHY WAGONER**,

Case No.: 12-CV-0641-W-MDD

5

6

            Plaintiffs,

**CERTIFICATE OF SERVICE**

7

        vs.

8

**LEGAL RECOVERY LAW OFFICES**, **PALISADES COLLECTION**, and **MARK WALSH,**

9

10

            Defendants.

11

**IT IS HEREBY CERTIFIED THAT:** I, Andre L. Verdun, am a citizen of the United States and am at least eighteen years of age.  My business address is 401 West "A" Street, Suite 925, San Diego, CA 92101.  I am not a party to the above-entitled action.  I have caused service of the following document(s): **NOTICE OF MOTION TO STRIKE AFFIRMATIVE DEFENSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

12
13
14
15
16
17

**David Andrew Cotter d.cotter1@cox.net**

18

**Andre L. Verdun andreverdun@crowleylawgroup.com**

19

**Andrew Paul Rundquist arundquist@lrlo.com**

20

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

21
22

**NONE**

23

    I declare under penalty of perjury that the foregoing is true and correct.

24
25

Executed on February 19, 2013.

26
27
28

Andre L. Verdun