UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY POLK, and TIMOTHY WAGONER,<br><br>                              Plaintiffs,<br><br>     v.<br><br>LEGAL RECOVERY LAW OFFICES, and PALISADES COLLECTION,<br><br>                              Defendants. | CASE NO. 12-CV-0641-W-MDD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES [DOC. 28] WITH LEAVE TO AMEND** |

Pending before the Court is Plaintiffs' motion to strike Defendant's affirmative defenses under Federal Rule of Civil Procedure 12(f). (*Mot.* [Doc. 28].) Defendants oppose. (*Opp'n* [Doc. 31].) The Court decides the matter on the papers submitted and without oral argument. See CIV. L. R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS** Plaintiffs' motion to strike [Doc. 28] with leave to amend selected affirmative defenses.

//

//

//

//

//

I.     BACKGROUND

On March 14, 2012, Plaintiffs filed suit against Defendants alleging violation of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), California Civil Code §§ 1788, *et seq.*, and for negligence.  Defendants filed separate answers, each including twenty identical affirmative defenses.  (*Answers* [Doc.s 16, 17].)

On February 19, 2013, Plaintiffs filed this motion to strike all twenty of Defendants' affirmative defenses on the basis that "Defendants have attempted to allege defenses which are not actually defenses, Defendants have raised immaterial defenses, and that the defenses are not pled with sufficient particularity to provide Plaintiff[s] with 'fair' notice."  (*Mot.* 6:17-22.)

II.     LEGAL STANDARDS

A.     Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  At the same time, 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979); see also Fed. R. Civ. P. 15(a)(2).

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. Sec. People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, at *2 (N.D. Cal. 2005).  "The key to determining the sufficiency of pleading an affirmative defense

1  is whether it gives the plaintiff *fair notice* of the defense." <u>Wyshack</u>, 607 F.2d at 827

2  (citing <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)) (emphasis added); <u>Simmons v. Navajo</u>,

3  609 F.3d 1011, 1023 (9th Cir. 2010); <u>Schutte & Koerting, Inc. v. Swett & Crawford</u>,

4  298 Fed. Appx. 613, 615 (9th Cir. 2008).  Fair notice generally requires that the

5  defendant state the nature and grounds for the affirmative defense.  <u>See</u> <u>Conley</u>, 355

6  U.S. at 47.  It does not, however, require a detailed statement of facts.  <u>Id.</u> at 47-48.

7  On the other hand, an affirmative defense is legally insufficient only if it clearly lacks

8  merit "under any set of facts the defendant might allege." <u>McArdle v. AT&T Mobility,</u>

9  <u>LLC</u>, 657 F. Supp. 1140, 1149-50 (N.D. Cal. 2009).

10

11     **B.     <u>Pleading for Affirmative Defenses</u>**

12         Before addressing the merits of Plaintiffs' motion against each of Defendants'

13  affirmative defenses, the Court must resolve a preliminary issue raised by the parties.

14  The question is whether the Court should extend the Supreme Court's holdings in <u>Bell</u>

15  <u>Atlantic Corporation v. Twombly</u> and <u>Ashcroft v. Iqbal</u> to evaluate the pleading

16  sufficiency of Defendants' affirmative defenses.  <u>See</u> 556 U.S. 662, 129 S. Ct. 1937

17  (2009); 550 U.S. 544 (2007).

18         As discussed above, the Ninth Circuit has directed courts to evaluate the

19  pleading sufficiency of affirmative defenses under the "fair notice" standard.  <u>Wyshack</u>,

20  607 F.2d at 827.  In their motion, Plaintiffs contend that Defendants have alleged

21  immaterial defenses and defenses which are not actually defenses, and failed to plead

22  their defenses with sufficient particularity to provide Plaintiffs with fair notice.  (*Mot.*

23  6:17-22.)  Moreover, Plaintiffs contend that Defendants have not raised the defenses

24  "beyond the speculative level." (*Id.* 6:22-23.)  Plaintiffs also suggest that the pleading

25  standards established by the Supreme Court in <u>Twombly</u> and <u>Iqbal</u> apply.  (*See Id.* at 3.)

26  Although the Ninth Circuit has not yet adopted the *Twombly/Iqbal* pleading standard

27

28

1   for affirmative defenses, Plaintiffs cite to several district courts that have done so.[1]  (*Id.*

2   at 7.)  In response, Defendants rely on other district courts, including one within this

3   district, that have declined to extend <u>Twombly</u> and <u>Iqbal</u> to affirmative defenses.[2]

4   (*Opp'n* 9.)  Based on the case law, it is clear that this point of law is unresolved.  <u>See</u>

5   <u>Barnes</u>, 718 F. Supp. 2d at 1171 ("[N]either the Ninth Circuit or any other Circuit

6   Courts of Appeals have extended <u>Twombly's</u> heightened pleading standard to

7   affirmative defenses.").

8        Absent further direction, this Court declines to extend the *Twombly/Iqbal*

9   pleading standards to affirmative defenses.    Several considerations inform this

10  conclusion.  Most significantly, the Ninth Circuit has continued to recognize the "fair

11  notice" standard of affirmative defense pleading even after <u>Twombly</u> and <u>Iqbal</u>.  <u>See</u>

12  <u>Simmons</u>, 609 F.3d at 1023; <u>Schutte & Koerting</u>, 298 Fed. Appx. at 615.

13       Moreover, the Supreme Court's analysis in <u>Twombly</u> and <u>Iqbal</u> is itself limited to

14  pleadings under Federal Rule of Civil Procedure 8(a)(2).  129 U.S. at 1950; 550 U.S.

15  at 555.  Rule 8(a)(2) requires that the party stating a *claim* for relief provide "a short

16  and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R.

17  Civ. P. 8(a)(2) (emphasis added).  Rule 8(c), on the other hand, only requires a

18  responding party to "*affirmatively state*" its affirmative defenses.  Fed. R. Civ. P. 8(c)

19  (emphasis added).    The Supreme Court's discussion in <u>Iqbal</u> suggests that this

20  distinction is important.  <u>See</u> 129 S. Ct. At 1950.  Factual plausibility—which is the key

21  difference between *Twombly/Iqbal* pleading and "fair notice" pleading—is particularly

22  suited to claim pleading because Rule 8(a)(2) requires that the party "show[ ]" that it

23

24       _____

         [1] Plaintiffs cite <u>Hayne v. Green Ford Sales, Inc.</u>, 263 F.R.D. 647, 650 (D. Kan. 2009)

25  for the proposition that district-courts from the Second, Fifth, Sixth, Seventh, Ninth, and

26  Eleventh Circuits have concluded that the *Twombly/Iqbal* standard applies to affirmative
    defenses.

27       [2] <u>See</u> <u>J&J Sports Prods., Inc. v. Scace</u>, 2011 WL 2132723, at *1 (S.D. Cal. 2011).

28  Additionally, this Court recently declined to extend the *Twombly/Iqbal* standard to affirmative
    defenses.  <u>See</u>  <u>Kohler v. Islands Restaurants, LP</u>, 280 F.R.D. 560 (S.D. Cal. 2012).

is entitled to relief.  Id. ("But where the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)).  Stating an affirmative defense under Rule 8(c), however, does not require the pleader to "show" entitlement to its defense.[3]  See Fed. R. Civ. P. 8(c).  Applying the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in Twombly that legislative action, not "judicial interpretation," is necessary to "broaden the scope" of specific federal pleading standards.  See 550 U.S. at 569 n. 14.

Finally, the Court is persuaded by the District of Colorado's recognized distinction between the time plaintiff has to compose a complaint versus the time a defendant has to answer it.  See Holdbrook, 2010 WL 865380, at *2.  As the court explained, "it is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given [21] days to respond to a complaint and assert its affirmative defenses."  Id.; see Fed. R. Civ. P. 12(a).

For these reasons, the Court will review the sufficiency of Defendants' affirmative defenses under the "fair notice" pleading standard.

//
//
//
//
//
//
//
//

---

[3] Nor does pleading of non-affirmative defenses under Rule 8(b)(1) require any type of "showing."  See Fed. R. Civ. P. 8(b)(1).  Rule 8(b)(1) only requires the responding party to "state in short and plain terms its defenses to each claim asserted against it."  Id.

III.   **D**ISCUSSION

   A.   *First Affirmative Defense - Failure to State a Claim*

   In their first affirmative defense, Defendants allege that Plaintiffs' Complaint "in whole, or in part, fails to state a claim upon which relief can be granted." (*Answers* ¶ 70.)  The Court agrees with Plaintiffs that this simple identification of one of Defendants' defenses is insufficient to provide "fair notice."  See Wyshak, 607 F.2d at 827.   Although Defendants' pleading need not be supported by detailed factual allegations, it must at least give notice of the "grounds upon which it rests." Conley, 355 U.S. at 47.  Therefore, the Court **STRIKES** Defendants' first affirmative defense **WITH LEAVE TO AMEND**.

   B.   *Second Affirmative Defense - Statute of Limitations*

   In their second affirmative defense, Defendants allege that Plaintiffs' claims are "barred by the applicable statute of limitations." (Answer ¶ 71.)  Again, the Court agrees with Plaintiffs that this statement alone is insufficient to provide fair notice.  In Wyshak, the Ninth Circuit was confronted with a nearly identical pleading. 607 F.2d at 827 ("[P]laintiff's claims are barred by the applicable statute of limitations.").  In Wyshack, the court held that fair notice was provided because an attached memorandum identified the actual statute upon which the defense rested.  Id.  Here, Defendants make no mention of the applicable statute in its answer, and has attached no supplemental briefing on that point. (*See Answer* ¶ 71.)  Accordingly, the Court **STRIKES** Defendants' second affirmative defense **WITH LEAVE TO AMEND**.

   C.   *Third, Fourth and Seventeenth Affirmative Defenses - Good Faith and Due Care*

   In their third affirmative defense, Defendants contend that "all of [their] . . . actions were taken in good faith and with due care, and Defendant[s] did not directly engage in the alleged act, acts or omission(s) constituting the alleged violations or causes of action asserted by plaintiff." (*See Answer* ¶ 72.)  In their fourth affirmative

1    defense, Defendants allege that they did not "engage in any conduct that was
2    intentional, knowing, willfull [*sic*], reckless, malicious, wanton or outrageous and
3    Defendants acted in good faith at all times." (*See Answer* ¶ 73.)  In their seventeenth
4    affirmative defense, Defendants contend that they "acted lawfully and within their legal
5    rights, with a good faith belief in the exercise of their rights and in furtherance of a
6    legitimate business purpose and such actions were justified and reasonable under
7    circumstances based on the information available." (*See Answer* ¶ 86.)

8         A good faith defense fails as a matter of law with regard to the alleged FDCPA
9    violation because the FDCPA is essentially a strict liability statute. See Clark v. Capital
10   Credit & Collection Servs., 460 F. 3d 1162, 1175 (9th Cir. 2006) (stating that the
11   FDCPA does not require that a violation of § 1692e be knowing or intentional).
12   Moreover, a good faith defense fails as a matter of law with regard to the negligence
13   claim because a plaintiff's claim for negligence may stand irrespective of the defendant's
14   state of mind.  See Restatement (Third) of Torts § 3 (2012).

15        However, good faith may be a viable defense to the alleged violation of the
16   California Civil Code because § 1788.15(a) states that "[n]o debt collector shall collect
17   or attempt to collect a consumer debt by means of judicial proceedings when the debt
18   collector *knows* that service of process, where essential to jurisdiction over the debtor
19   or his property, has not been legally effected."  Cal. Civ. Code § 1788.15(a) (West
20   2009).  Furthermore, Section 1788.30(b) allows for liability for additional damages
21   besides actual damages where a debt collector violates the statute "willfully and
22   knowingly." Cal. Civ. Code § 1788.30(b) (West 2007).  Moreover, due care is a legally
23   viable defense to a negligence claim.  See  Restatement (Third) of Torts § 3 (2012).

24        Nevertheless, the Court agrees with Plaintiffs that these statements alone are
25   insufficient to provide fair notice.  Defendants provide no basis for their claims.
26   Therefore, the Court **STRIKES** Defendants' third, fourth and seventeenth affirmative
27   defenses **WITH LEAVE TO AMEND**.

28

1

   **D.**   *Fifth, Sixth, Seventh, Eighth, and Ninth Affirmative Defense -*
2      *Doctrines of Estoppel, Laches, Waiver, Res Judicata, & Collateral*
3      *Estoppel*

4      In their fifth, sixth, seventh, eighth, and ninth affirmative defenses, Defendants
5   claim that Plaintiffs' claims are barred by the doctrines of estoppel, laches, waiver, res
6   judicata, and collateral estoppel.  (*See Answer* ¶ 74-78.)  Though these doctrines may
7   be legally plausible, the Court agrees with Plaintiffs that these statements are
8   insufficient to provide fair notice.  Defendants provide no basis for these claims in their
9   answers, and "a reference to a doctrine . . . is insufficient notice."  Qarbon.com Inc. v.
10   eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).  Accordingly, the Court
11   **STRIKES** Defendants' fifth, sixth, seventh, eighth, and ninth affirmative defenses
12   **WITH LEAVE TO AMEND**.

13

14      **E.**   *Tenth Affirmative Defense - Mitigation of Damages*

15      In their tenth affirmative defense, Defendants allege that Plaintiffs "failed to
16   mitigate [their] damages, if any were suffered." (*See Answer* ¶ 79.)  Defendants provide
17   no basis for this claim in their answers.  Additionally, this affirmative defense fails to
18   give Plaintiffs any indication regarding the conduct supporting the defense.
19   Accordingly, the Court **STRIKES** Defendants' tenth affirmative defense **WITH**
20   **LEAVE TO AMEND**.

21

22      **F.**   *Eleventh Affirmative Defense - Third-Party Responsibility*

23      In their eleventh affirmative defense, Defendants contend that "Plaintiff[s']
24   damages, if any, were caused by the actions or inactions of others whom these
25   answering Defendants had no control." (*See Answer* ¶ 80.)  Defendants fail to give
26   Plaintiffs any indication as to who the "others" referred to are, their relationship to
27   them, or how they lacked control over them.  Therefore, the Court **STRIKES**
28   Defendants' eleventh affirmative defense **WITH LEAVE TO AMEND**.

1

2    **G.**    *Twelfth and Thirteenth Affirmative Defenses - Bona Fide Mistake and*

3          *Error*

4          In their twelfth and thirteenth affirmative defenses, Defendants contend that

5    "the alleged violations and/or causes of action asserted by [Plaintiffs] were or are the

6    result of a bona fide mistake" and a "bona fide error". (*See Answer* ¶ 81.)  The FDCPA

7    makes an exception for debt collectors "if the debt collector shows by a preponderance

8    of evidence that the violation was not intentional and resulted from a bona fide error

9    notwithstanding the maintenance of procedures reasonably adapted to avoid any such

10   error." 15 U.S.C. § 1692k(c).  Thus, these may be legally plausible affirmative defenses.

11   However, the Court finds that Defendants have not pled them with sufficient detail to

12   give fair notice because they fail to specify the mistake(s) or error(s) they refer to or

13   what, if any, "procedures reasonably adapted to avoid any such error [or mistake]" were

14   maintained.

15         Plaintiffs rely on Bradshaw v. Hilco Receivables, LLC, 725 F. Supp. 2d 532 (D.

16   Md. 2010), for the proposition that Defendants are required to comply with Fed. R.

17   Civ. P. 9(b) and plead the mistake defense "with particularity."  The Court need not

18   rule on this matter, as Defendants' pleadings have not sufficed to give Plaintiffs

19   sufficient notice under the "fair notice" standard.  Therefore, the Court **STRIKES**

20   Defendants' twelfth and thirteenth affirmative defenses **WITH LEAVE TO AMEND**.

21

22   **H.**    *Fourteenth Affirmative Defense - Contributory Negligence*

23         In their fourteenth affirmative defense, Defendants allege that "Plaintiff[s']claims

24   are diminished by the doctrine of contributory negligence."  (*See Answer* ¶ 83.)

25   Defendants' pleading fails to give Plaintiff any indication regarding the conduct

26   supporting the defense. Thus, the Court **STRIKES** Defendants' fourteenth affirmative

27   defense **WITH LEAVE TO AMEND**.

28

1    I.    *Fifteenth Affirmative Defense - Protection Under First Amendment*
2          *and Litigation Privilege*

3         In their fifteenth affirmative defense, Defendants contend that "[t]he alleged
4    violations and/or causes of action asserted are protected speech under the first
5    amendment and protected under the litigation privilege including but not limited to
6    California Civil Code §47." (*See Answer* ¶ 84.) Defendants provide no basis for these
7    claims in their answers, and "a reference to a doctrine . . . is insufficient notice."
8    Qarbon, 315 F. Supp. at 1049. Accordingly, the Court **STRIKES** Defendants' fifteenth
9    affirmative defense **WITH LEAVE TO AMEND**.

10

11        **J.**    *Sixteenth Affirmative Defense - Damages Limitations*

12        In their sixteenth affirmative defense, Defendants allege that "if Plaintiff[s]
13   [were] damaged in any sum or sums as alleged, which Defendant denies, then
14   Plaintiff[s'] damages are limited by 15 U.S.C. §§1692k(a)(1), 1692k(a)(2)(A),
15   1692k(a)(3) and 1692k(b)(1)" of the FDCPA. (*See Answer* ¶ 85.) This is not an
16   affirmative defense. As a matter of law, Plaintiffs' claim under the FDCPA is limited
17   to the damages allowed by the statute. Defendants therefore need not plead this
18   limitation in their answers. Accordingly, the Court **STRIKES** Defendants' sixteenth
19   affirmative defense **WITHOUT LEAVE TO AMEND**.

20

21        K.    *Eighteenth Defense - Non-Materiality of Alleged False Representations*

22

23        In their eighteenth affirmative defense, Defendants claim that "if any false
24   representations occurred, which is denied, that any false representations were non-
25   material and not actionable under the FDCPA." (*See Answer* ¶ 87.) Under §1692e, "a
26   debt collector may not use any false, deceptive or misleading representation or means"
27   to collect a debt. 15 U.S.C. §1692e (West 1996). Defendants rely on Donohue v.
28   Quick Collect, Inc., 592 F. 3d 1027 (9th Cir. 2010) for the proposition that "false but

1    non-material misrepresentations are not likely to mislead the least sophisticated

2    consumer and therefore are not actionable under §§1692e or 1692f." (*Reply* 8:1-5.)

3    The Court agrees with the Defendants that non-materiality may be a defense to

4    FDCPA claims, but also agrees with the Plaintiffs that the defense is not pled with

5    sufficient detail to give fair notice.  Accordingly, the Court **STRIKES** Defendants'

6    eighteenth affirmative defense **WITH LEAVE TO AMEND**.

7

8         **L.**   *Nineteenth Affirmative Defense - Plaintiffs' Bad Faith*

9         In their nineteenth affirmative defense, Defendants allege that this suit "was

10   brought in bad faith and is completely without merit." (*See Answer* ¶ 88.)  Defendants

11   provide no basis for this claim in their answers.  Accordingly, the Court **STRIKES**

12   Defendants' nineteenth affirmative defense **WITH LEAVE TO AMEND**.

13

14        M.   *Twentieth Affirmative Defense - Reservation of Right to Assert*

15             *Additional Defenses*

16        As their twentieth affirmative defense, Defendants "reserve[] the right to add

17   additional affirmative defenses as may be discovered through future discovery." (*See*

18   *Answer* ¶ 89.)  Plaintiffs argue that this is not a defense.  The Court agrees.  The mere

19   "'reservation of affirmative defenses' is not an affirmative defense."  <u>E.E.O.C. v.</u>

20   <u>Timeless Investments, Inc.</u>, 734 F.Supp. 2d 1035, 1055 (E.D. Cal. 2010).  Defendants

21   may assert additional affirmative defenses later by amending their pleadings in

22   compliance with Rule 15.  *See* Fed. R. Civ. P. 15; <u>U.S. v. Global Mortg. Funding, Inc.</u>,

23   2008 WL 5264986 at *5 (C.D. Cal. 2008) ("[I]f a Defendant seeks to add affirmative

24   defenses, it must comply with the procedure set out in Federal Rule of Civil Procedure

25   15."); <u>Timeless Investments, Inc.</u>, 734 F.Supp. 2d at 1055 ("Rule 15 does not require

26   a defendant to "expressly reserve" unnamed affirmative defenses in its answer.").  In

27   short, Defendants "[are] either entitled to raise additional defenses at a later time or []

28   [are] not; [their] right to reserve [their] rights to do so is a legal nullity." <u>Global Mortg.</u>

Funding, Inc., 2008 WL 5264986 at *5.  Therefore, the Court **STRIKES** Defendants'
twentieth affirmative defense **WITHOUT LEAVE TO AMEND**.

IV.   CONCLUSION

   For the previously stated reasons, the Court **GRANTS** Plaintiffs' motion to strike
[Doc. 28] and **ORDERS** as follows:

   1.   The Court **STRIKES** Defendants' sixteenth and twentieth affirmative
        defenses **WITHOUT LEAVE TO AMEND**.

   2.   The Court **STRIKES** Defendants' first, second, third, fourth, fifth, sixth,
        seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth,
        fifteenth, seventeenth, eighteenth, and nineteenth affirmative defenses
        **WITH LEAVE TO AMEND**.

   4.   Defendants must file their amended answer, if any, on or before **July 10,
        2013**.

   **IT IS SO ORDERED.**

DATED:  June 19, 2013

                           Hon. Thomas J. Whelan
                           United States District Judge